## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN J. CARRABY** | **CIVIL ACTION NO:** |
| **VERSUS** | **IN ADMIRALTY** |
| **CROWLEY MARITIME CORPORATION** | **[Seaman's Action exempt from Filing Fees or Security 28 U.S.C. 1916]** |

******************************************************************************

## C O M P L A I N T

**NOW UNTO COURT,** through the undersigned counsel comes complainant, Kevin J. Carraby, who respectfully alleges and shows on information and belief, as follows:

1.

Jurisdiction is founded on United States Constitution Article III, pursuant to federal jurisdiction over admiralty and maritime claims; Jones Act, 46 U.S.C. 30104, General Maritime Law, 28 U.S.C. 1331 and pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Complainant, Kevin J. Carraby, is a person of the full age of majority and a resident of the State of Georgia.

3.

Made Defendant herein is:

a)  Crowley Maritime Corporation, a foreign corporation licensed to do and doing business in the State of Louisiana; and is engaged in commercial navigation through the waterways in the State of Louisiana. At all material times, defendant, Crowley Maritime Corporation owned, operated, managed and/or controlled the M/V AMERICAN ENDURANCE.

4.

Defendant, Crowley Maritime Corporation, is justly, truly and indebted unto complainant, Kevin J. Carraby, for all damages as reasonable in the premises, for the following to wit:

**FOR THE FIRST CAUSE OF ACTION**

5.

On or about July 14, 2022, complainant, Kevin Carraby, was a seaman and member of the Crowley Maritime Corporation crew working on the M/V AMERICAN ENDURANCE. Complainant was employed by defendant, Crowley Maritime Corporation, in the capacity of a seaman within the meaning and intendment of the Jones Act, 46 U.S.C. Section 30104.

6.

On or about July 14, 2022, complainant, Kevin Carraby, was a member of the Crowley Maritime Corporation crew working on the M/V AMERICAN ENDURANCE. He was injured while manually cranking the rescue boat out of the water because the hydrolics was not functioning. He injured his groin, thigh and hip.

7.

The accident caused serious injuries to complainant's mind and body, occurred as a direct result of the unsafe and unseaworthy conditions of M/V AMERICAN ENDURANCE, and its appurtenances and/or crew, in whole or in part, as a direct result of the negligence and lack of attention of the defendants, Crowley Maritime Corporation, acting through its servants, employees and others for whom it is responsible.

8.

Complainant's injuries were proximately caused by the negligence of the defendant, Crowley Maritime Corporation, its agents, servants, and employees and each of them, particularly, but not exclusively, in failing to provide the petitioner with a reasonably safe place in which to work, in failing to take reasonable precaution for petitioner's safety and well-being, failing to promulgate and enforce rules for the reasonably safe conduct of petitioner's and other's work aboard the said vessel, including negligent acts of commission and omission and also by the known unseaworthiness of the vessel, its appliances and personnel; and other commission and omission negligent acts to be shown at the trial of this matter.

9.

As a direct result of the negligence of the defendant, complainant prays for such damages as are reasonable in the premises including, but not limited to:

    A)    pain and suffering, past and future;

    B)    mental anguish and emotional distress;

    C)    loss of enjoyment of life;

    D)    lost wages and impairment of earning capacity, past and future;

E)  maintenance, cure, and found, both past and future;

F)  medical bills, past and future;

G)  punitive damages as allowed by law; and

H)  Other damages to be shown at the trial of this matter.

## FOR THE SECOND CAUSE OF ACTION

10.

Complainant repeats and realleges all of the foregoing paragraphs of his First Cause of Action with the same force and effect as if herein set forth at length, and in addition thereto, alleges:

11.

Pursuant to the general maritime law of the United States of America, defendant has the absolute and non-delegable duty to provide complainant with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

12.

That defendant's M/V AMERICAN ENDURANCE, was unseaworthy by reason of the aforesaid facts alleged in paragraph 6 and 8 and the injuries sustained by complainant were the direct and proximate result of the unseaworthiness of the vessel hereinabove named.

13.

As a direct and proximate result of the unseaworthiness of the M/V AMERICAN ENDURANCE, complainant suffered damages and injuries aforesaid in paragraph 9, and otherwise detailed herein.

14.

That complainant is entitled by law to an award of punitive damages for the unseaworthy condition of M/V AMERICAN ENDURANCE.

## FOR THE THIRD CAUSE OF ACTION

15.

Complainant repeats and realleges all of the foregoing paragraphs of his First Cause of Action with the same force and effect as if herein set forth at length, and in addition thereto, alleges:

16.

Pursuant to the general maritime law of the United States of America, defendant, Crowley Maritime Corporation, has the absolute and non-delegable duty to provide complainant with adequate/standard maintenance, cure, and found benefits from the date he was rendered unfit for duty until maximum cure is achieved.

17.

That the defendant, Crowley Maritime Corporation, and its insurer are indebted unto complainant for past and future maintenance, cure, and found benefits at a daily rate to be decided at trial, due from the date of injury, until maximum cure is achieved, subject to a credit for any previous maintenance and cure payments. Should defendant fail or refuse to pay any future maintenance and cure benefits which may become due after demand therefore, and any additional damages as a result of said failure, including attorney's fees and punitive damages or allowed by law.

**WHEREFORE,** complainant prays that defendant, Crowley Maritime Corporation, be served with a copy of this petition and be required to answer same within the legal delays and after due proceedings had, there be judgment rendered herein in favor of complainant and against defendant for such damages as are reasonable in the premises, together with legal interest thereon from the date of injury until paid and for all costs of these proceedings; for maintenance, cure, and found benefits until maximum cure is achieved, with maintenance due at a daily rate to be decided at trial, subject to credit for previous payments, attorney's fees, expert witness fees, interest on

attorney's fees, punitive damages, and all costs and expenses associated with the prosecution of this action; all general and equitable relief as seen fit to be awarded by this court.

          Respectfully Submitted:

          **JIM S. HALL & ASSOCIATES**

          /s/ Jim S. Hall
          **JIM S. HALL   (#21644)**
          **MATTHEW B. MORELAND (#24567)**
          800 N. Causeway Blvd., Suite #100
          Metairie, LA 70001
          Telephone: (504) 832-3000
          Facsimile: (504) 832-1799
          Email:  jim@jimshall.com
             mmoreland@jimshall.com