UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN J. CARRABY,**<br>Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2600** |
| **CROWLEY MARITIME CORPORATION,**<br>Defendant | **SECTION: E(5)** |

## ORDER AND REASONS

Before the Court is a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction filed by Defendant Crowley Maritime Corporation ("CMC").[1] Plaintiff Kevin J. Carraby opposes the motion.[2] For the reasons that follow, CMC's motion is **DENIED AS MOOT.** The parties are given leave to conduct jurisdictional discovery into the issues and facts concerning personal jurisdiction, and Plaintiff is given leave to file an amended complaint upon completion of that jurisdictional discovery.

## BACKGROUND

This case arises out of a maritime personal injury. Carraby alleges he "was a seaman and member of the Crowley Maritime Corporation crew working on the M/V AMERICAN ENDURANCE" on July 14, 2022, when "[h]e was injured while manually cranking [a] rescue boat out of the water" because the hydraulic mechanism "was not functioning."[3] On July 19, 2023, Carraby filed suit against CMC, alleging CMC's negligence was the cause of his injuries and asserting a number of causes of action under maritime law to recover for those injuries.[4]

---

[1] R. Doc. 5.
[2] R. Doc. 6.
[3] R. Doc. 1 at p. 2.
[4] *See generally id.*

1

CMC filed its motion to dismiss on August 16, 2023, arguing "that all of [Carraby's] claims and causes of action against CMC must be dismissed for lack of personal jurisdiction."[5] Carraby filed his response in opposition on September 5, 2023,[6] and CMC replied on September 14, 2023.[7]

Carraby is a citizen of Georgia.[8] CMC is a Delaware corporation with its principal place of business in Jacksonville, Florida.[9] CMC alleges, and Carraby does not challenge, that the alleged injury took place outside this jurisdiction in Port Manatee, Florida.[10]

## LAW AND ANALYSIS

When a non-resident defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving that personal jurisdiction exists.[11] If the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction.[12] In determining whether the plaintiff has made a prima facie showing of personal jurisdiction, the district court must take the allegations of the complaint as true, except as controverted by opposing affidavits, and all conflicts in the facts must be resolved in favor of the plaintiff.[13] Thus, the district court may consider matters outside the complaint, including affidavits, when determining whether personal jurisdiction exists.[14] A finding that the plaintiff has made a prima facie showing of jurisdictional facts does not, however, end the inquiry.

---

[5] R. Doc. 5-1 at p. 1.
[6] R. Doc. 6.
[7] R. Doc. 9.
[8] R. Doc. 1 at p. 1.
[9] R. Doc. 5-1 at p. 3.
[10] *Id.* at p. 7.
[11] *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).
[12] *See id.*
[13] *Id.*; *see also Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).
[14] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).

ultimately, "the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at a trial."[15]

### I.     Only specific jurisdiction is at issue in this case.

To exercise personal jurisdiction over a non-resident defendant, two requirements must be satisfied. "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment."[16] Because Louisiana's long-arm statute confers personal jurisdiction to the limits of constitutional due process, these two inquiries become one and the same.[17]

The Due Process Clause of the Fourteenth Amendment "operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."[18] For a court's exercise of personal jurisdiction over a non-resident defendant to be constitutional under the Due Process Clause, (1) "that defendant [must have] purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant [must] not offend 'traditional notions of fair play and substantial justice.'"[19] The "minimum contacts" test takes two forms, depending on the type of jurisdiction the court seeks to exercise over the defendant: general jurisdiction or specific jurisdiction.

---

[15] *Traveler's Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986) (internal quotation marks and citation omitted).
[16] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (citation omitted).
[17] *Luv N' Care*, 438 F.3d at 469; La. R.S. 13:3201(B).
[18] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984).
[19] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citation omitted).

CMC argues, and Carraby does not contest,[20] that the Court may not exercise general jurisdiction over CMC, as it is a citizen of Delaware and Florida, but not Louisiana.[21] Accordingly, only specific jurisdiction is at issue in this case.

A court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum."[22] Specific jurisdiction exists, for example, when a non-resident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'"[23] Specific jurisdiction also exists where a non-resident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[24] "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."[25] The Fifth Circuit has enunciated a three-factor analysis to guide courts in assessing the presence of specific personal jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[26]

---

[20] *See generally* R. Doc. 6.
[21] R. Doc. 5-1 at pp. 3–7.
[22] *Luv N' Care*, 438 F.3d at 469.
[23] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (quoting *Alphine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)).
[24] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).
[25] *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).
[26] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *Luv N' Care*, 438 F.3d at 469.

To make a prima facie showing of specific personal jurisdiction, a plaintiff need only satisfy the first two factors.[27] "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a prima facie case for specific jurisdiction has been presented."[28] Establishing a prima facie case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state."[29]

## II. Limited jurisdictional discovery will help resolve the question of specific personal jurisdiction and provide a factual basis for Carraby's amended complaint.

CMC argues this Court cannot assert specific personal jurisdiction over it because CMC does not own the M/V AMERICAN ENDURANCE, CMC does not operate the vessel or employ Carraby or any other member of the crew, and the alleged injury did not occur in Louisiana.[30] CMC argues that Carraby "has pled no facts to support, or otherwise show, that the purported incident was in any way related to Louisiana."[31] CMC provides record evidence that shows Carraby is employed by an affiliate, Intrepid Personnel and Provisioning,[32] and that the M/V AMERICAN ENDURANCE is operated by another affiliate, Intrepid Ship Management.[33]

---

[27] *Athletic Training Innovations, LLC v. eTagz, Inc.*, 955 F. Supp. 2d 602, 613 (E.D. La. 2013); *see also 721 Bourbon*, 140 F. Supp. 3d at 592–93; *Luv N' Care*, 438 F.3d at 469. If the plaintiff makes a prima facie showing, the burden of proof with respect to the third factor shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1018–19 (Fed. Cir. 2009). *See also Athletic Training Innovations, supra*, at 613.
[28] *Panda*, 253 F.3d at 868.
[29] *Id.* (citing *Burger King*, 471 U.S. at 474 ("[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State.")).
[30] *See* R. Doc. 5-1 at pp.7–8.
[31] *Id.* at p. 8.
[32] R. Doc. 5-1 at p. 3.
[33] *Id.*

5

In response, Carraby alleges that "he was hired by [CMC] out of a union hall located in Jefferson Parish, Louisiana[34] and he was employed [by CMC] pursuant to that hiring on the date that he was injured."[35] Plaintiff has also provided pay slips that reveal an ambiguity as to whether his employer was CMC or one of its affiliates.[36] Carraby "contends that it is uncontested he was hired by" CMC and/or one of its affiliates out of the Louisiana union hall and "during his employment with [CMC] he frequently sailed up and down the Mississippi River and stopp[ed] at ports of call in Louisiana."[37] Carraby offers that some CMC supervisors may have been "on board the vessel at the time of [his] injury."[38] Lastly, Carraby requests that he be "allowed to do preliminary discovery" of the "jurisdictional issues" in this case and offers that he "will file a motion to amend and supplement his original complaint adding CMC's affiliates, Intrepid Ship Management, Inc., and Intrepid Personnel and Provisioning, Inc., as defendants."[39]

The Court finds that the jurisdictional allegations made by Carraby "suggest with reasonable particularity the possible existence of the requisite contacts"[40] between CMC or one of its affiliates and Louisiana. Accordingly, the Court finds Carraby's request for jurisdictional discovery is justified and will grant him leave to file the amended complaint once jurisdictional discovery is complete.

---

[34] In its reply, CMC argues there is no evidence for this claim. R. Doc. 9 at p. 3.
[35] R. Doc. 6 at p. 2.
[36] *See Exs.* to R. Doc. 6.
[37] R. Doc. 6 at pp. 2–3. These facts are also disputed by CMC. *See* R. Doc. 9 at pp. 3–5.
[38] R. Doc. 6 at p. 3.
[39] *Id.* at p. 4.
[40] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).

## CONCLUSION

**IT IS ORDERED** that the parties are given leave to conduct limited jurisdictional discovery concerning the issues and facts relevant to the personal jurisdiction inquiry. Any such discovery must be completed **on or before November 17, 2023.**

**IT IS FURTHER ORDERED** that CMC'S Rule 12(b)(6) Motion to Dismiss is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff may file his amended complaint on or before **December 1, 2023.**

**New Orleans, Louisiana, this 18th day of October, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**